

Chicago
New York
Washington, DC
London
San Francisco
Los Angeles
Singapore

vedderprice.com

Michael J. Edelman
Shareholder
+1 212 407 6970
mjedelman@vedderprice.com

July 3, 2019

**VIA HAND DELIVERY AND ECF FILING**

The Honorable Naomi Reice Buchwald
United States District Judge
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

    Re:  *Fan Engine Securitization Limited and Jet Engine Holding S.à r.l. vs. Deutsche Bank Trust Company Americas, Case No. 19-cv 4318 (NRB) (S.D.N.Y.) –*
          **Chamber Copies of Summary Judgment Motion;** *and*
          **Rule 2(E)(1) Statement in Accordance of Your Individual Rules of Practice**

Dear Judge Buchwald:

We represent Fan Engine Securitization Limited and Jet Engine Holding S.à r.l. (collectively, the "*Plaintiffs*") in the above-referenced case. This letter and the attachments hereto are being sent to you in accordance with Rules 2(C) and 2(E)(1) of your Individual Rules of Practice.

**1.**    **COURTESY COPIES UNDER RULE 2(C) OF YOUR INDIVIDUAL RULES OF PRACTICE**

On July 1, 2019, the Plaintiffs filed their summary judgment papers seeking declaratory and related relief that no event of default has occurred under the operative documents. In accordance with Rule 2(C) of your Individual Rules of Practice, enclosed are two courtesy copies of each of the following (collectively, the "*Summary Judgment Papers*"):

- *Motion of Plaintiffs Fan Engine Securitization Limited and Jet Engine Holding S.à r.l. for Summary Judgment that No Event of Default Has Occurred under the Terms of the Indenture and Related Operative Documents*, filed July 1, 2019 [Docket No. 28], which also included a notice of motion and proposed order (collectively, "*Plaintiff's Summary Judgment Motion*");
- *Declaration of Michael J. Edelman in Support of Plaintiff's Summary Judgment Motion*, along with the exhibits annexed thereto [Docket No. 29];
- *Memorandum of Law in Support of Plaintiff's Summary Judgment Motion* [Docket No. 30]; and
- *Plaintiffs Fan Engine Securitization Limited and Jet Engine Holding S.à r.l.'s Statement Under Local Civil Rule 56.1 of Uncontested Material Facts in Support of Plaintiff's Summary Judgment Motion* [Docket No. 31].

The Summary Judgment Papers were filed in conformance with the consensual scheduling letter that this Court approved on June 26, 2019 [Docket No. 27 (the "*Consensual Scheduling Order*")].

1633 Broadway, 31st Floor  |  New York, New York 10019  |  T +1 212 407 7700  |  F +1 212 407 7799

Vedder Price P.C. is affiliated with Vedder Price LLP, which operates in England and Wales, Vedder Price (CA), LLP, which operates in California, and Vedder Price Pte. Ltd., which operates in Singapore.

The Honorable Naomi Reice Buchwald
July 3, 2019
Page 2

## 2. SUMMARY OF PLAINTIFFS' SUMMARY JUDGMENT PAPERS UNDER INDIVIDUAL RULES OF PRACTICE RULE 2(E)(1):

Additionally, in accordance with Rule 2(E)(1) of your Individual Rules of Practice, the Plaintiffs hereby submit the following summary of the substantive arguments advanced by the Plaintiffs in the above-referenced summary judgment papers.[1]

The issue to be decided by this Court is whether the Defendant Deutsche Bank Trust Company Americas (the "*Defendant*") and Loomis Sayles Investment Grade Bond Fund, Loomis Sayles Bond Fund, Loomis Sayles Investment Grade Fixed Income Fund and NHIT: Securitized Credit Trust (collectively, the "*Intervenor*", and along with the Defendant, the "*Noteholder Parties*") can declare an Event of Default based on the Noteholder Parties' allegations that the Administrative Agent miscalculated the principal amounts payable to the Series A Noteholders (the "*Miscalculation Allegations*").

As set more fully in the attached papers, under the terms of the Indenture, the Miscalculation Allegations cannot form the basis of an Event of Default for three independent reasons.

- First, the only payments the Issuer is required to make under the Indenture are the payments set forth in the Payment Date Schedules generated each month by the Administrative Agent. [*See* ¶¶ 26-28]. Here, where the Issuer has fully paid all such amounts and, as such, no payment default can exist under the Indenture. [*See* ¶¶ 45-52].
- Second, the Miscalculation Allegations cannot give rise to any type of Event of Default under the Indenture. [*See* ¶¶ 53-66]. The Miscalculation Allegations may give rise to an independent cause of action by the holders of the Series A Notes against the Defendant, but no Event of Default can be alleged against the Issuer for miscalculations made by the Administrative Agent (which was acting at all times on behalf of the Defendant when making its calculations).
- Third, under the express terms of the Indenture, there can be no Event of Default arising from a failure to pay principal on the Series A Notes until the Final Maturity Date, which falls in October 2043. [*See* ¶ 9, 36-38 and 66].

For each of these independent reasons which are apparent on the face of the Indenture, the Miscalculation Allegations cannot support any Event of Default prior to October 2043. As such, this Court should determine that no Event of Default has occurred and enter a declaratory judgment supported by the express terms of the Indenture.

Although the motivations of the Noteholder Parties belated attack are not the subject of the Plaintiffs' Summary Judgment Motion, and will be addressed in subsequent adjudication regarding damages, it is important for this Court to understand the economic context of this litigation.

Since the inception of the Securitized Loan Facility five-and-a-half years ago, the Administrative Agent has consistently administered all Engine Dispositions and monthly Payment Date Schedules (a period

---

[1] Paragraph ("¶") references refer to the corresponding paragraph in Plaintiffs' Local Civil Rule 56.1 statement (the "*Rule 56.1 Statement*"). Capitalized terms not defined herein shall have the meanings given in such Rule 56.1 Statement.

encompassing more than sixty-five (65) Payment Dates and fourteen (14) Engine Dispositions). [*See* ¶ 74.].

As set forth in the Offering Memorandum, this financing was only expected to last six years and was expected to be refinanced by the October 31, 2019, the sixth anniversary of the closing date. The sixth anniversary triggers a cash sweep where all available free cash is required to pay principal on the Series A Notes and also triggers an interest rate step-up that more than double the interest rate payable on the Series A Notes from 4.625% to 9.625%. [*See* ¶ 90].

The Noteholder Parties issued their Default Notice, notwithstanding the terms of the Indenture and the consistent work of the Administrative Agent, to try and prevent further distributions to the E Certificate holder that would otherwise be permitted under the Indenture following Engine Dispositions and, depending on available cash, on regular monthly payment dates, through October 31, 2019. Distributions stopped as a result of the Default Notice and the ensuing escrowing of amounts otherwise payable to the E Certificate holder.

In addition, the Default Notice, combined with the present litigation (and the threatened reissuance of the Default Notice by the Noteholder Parties), has cast a cloud over the Issuer and is impeding its ability to refinance the Securitized Loan Facility, which is a process that should be underway now but which is effectively on hold. As well as trapping cash that should otherwise be distributable to the E Certificate holder, the Noteholder Parties are succeeding in their efforts to push these transactions into the interest rate step-up period. This will erode the Plaintiffs' equity interest in the Securitized Loan Facility due to the more than doubling of the interest rates and will result in a transfer of economic value from the Plaintiffs to the Noteholder Parties – a result only occurring due to the issuance of the fabricated Default Notice in breach of the Indenture. [*See* ¶ 90].

Given the lack of any contractual basis for the issuance of an Event of Default, the Plaintiffs respectfully request this Court's immediate assistance. The Noteholder Parties should not be permitted to create an Event of Default from the actions of their own agent (the Administrative Agent) to justify their contractually unsupportable efforts to strip (steal) rights and property away from the Plaintiffs.

3.   **Revisions to Proposed Order**

Immediately after the Plaintiffs filed the Motion, the Defendant requested certain modifications to the Proposed Order. The Defendant made these requests to clarify that the Defendant's rights to address the matters carved out from the Summary Judgment Motion (as set forth in this Court's endorsement of the Consensual Scheduling Order [Docket No. 27]) are fully preserved.

As an accommodation to the Defendant, the Plaintiffs have offered to make certain changes to the form of the proposed order (as set forth in the blacklined order annexed hereto) to clarify the matters that are being reserved for a future adjudication.

Although the Plaintiffs are still awaiting to hear back from the Defendant, the Plaintiffs hereby wish to inform the Court of their consent to the changes reflected in the attached blacklined proposed order.

The Honorable Naomi Reice Buchwald
July 3, 2019
Page 4

Thank you for your time and consideration regarding these matters.

                                                                    Respectfully submitted,

                                                                    Michael J. Edelman

Enclosures

cc:    Mark D. Kotwick, Esq.                          *Via E-Mail* (kotwick@sewkis.com)
        Ross Hooper, Esq.                                    *Via E-Mail* (hooper@sewkis.com)
        Kimberly A. Haviv, Esq.                       *Via E-Mail* (kim.haviv@whitecase.com)
        Samuel P. Hershey, Esq.                     *Via E-Mail* (sam.hershey@whitecase.com)
        Harrison Denman                 *Via E-Mail* (harrison.denman@whitecase.com)
        Jason N. Zakia, Esq.                           *Via E-Mail* (jzakia@whitecase.com)
        Daniel C. Green, Esq.
        Marc B. Schlesinger, Esq.

Michael J. Edelman, Esq.
Daniel C. Green, Esq.
Marc B. Schlesinger, Esq.
VEDDER PRICE P.C.
1633 Broadway, 31st Floor
New York, New York 10019
Telephone: (212) 407-7700
Facsimile: (212) 407-7799
E-Mail:   mjedelman@vedderprice.com
          dgreen@vedderprice.com
          mschlesinger@vedderprice.com

*Attorneys for Attorneys for* Plaintiffs Fan Engine
Securitization Limited and Jet Engine Holding S.à r.l.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FAN ENGINE SECURITIZATION LIMITED and JET ENGINE HOLDING S.À R.L., <br><br> Plaintiffs, <br><br> -against- <br><br> DEUTSCHE BANK TRUST COMPANY AMERICAS, as Trustee, Senior Trustee, Operating Bank and Security Trustee, <br><br> Defendant. | Case No. 19-cv-4318 (NRB) |

**ORDER GRANTING MOTION OF PLAINTIFFS FAN ENGINE SECURITIZATION LIMITED AND JET ENGINE HOLDING S.À R.L. FOR SUMMARY JUDGMENT THAT NO EVENT OF DEFAULT HAS OCCURRED UNDER THE TERMS OF THE INDENTURE AND RELATED OPERATIVE DOCUMENTS**

This matter having come before the Court on the motion for summary judgment, dated July 1, 2019 (the "*Summary Judgment Motion*"), brought by plaintiffs Fan Engine Securitization

Limited ("*Fan*") and Jet Engine Holding S.à r.l. ("*JEH*", collectively with Fan, the "*Plaintiffs*");[1] and due, proper, timely, adequate and sufficient notice of the Summary Judgment Motion having been given to all interested parties; and a hearing on the relief sought in the Summary Judgment Motion having been held on _____, 2019 (the "*Hearing*"); and the Court having reviewed and considered the Summary Judgment Motion, Plaintiffs' Rule 56.1 Statement, Plaintiffs' Memorandum of Law, the affidavits and declarations in support thereof, as well as all of the responses, objections and replies thereto and ~~therefore~~therefor; and all objections opposing the relief requested in the Summary Judgment Motion having been resolved or overruled in their entirety; and all relief requested in the Summary Judgment Motion having been resolved by the terms of this Order; and on the arguments of counsel made, and the evidence presented, at the Hearing, which record of and findings at the Hearing are hereby incorporated herein; and upon the record of the Hearing and all of the proceedings had before the Court; and after due deliberation and sufficient and good cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED, FOUND AND DECREED THAT:**

1. The Summary Judgment Motion is granted as set forth herein.

2. All objections concerning the Summary Judgment Motion are resolved in accordance with the terms of this Order and as set forth on the record of the Hearing,[2] and to the extent any such objection was not otherwise withdrawn, waived, or settled, it is hereby overruled and denied.

---

[1] Capitalized terms not otherwise defined herein shall be ascribed their meanings as set forth in Plaintiffs' Local Civil Rule 56.1 statement of uncontested material facts, dated July 1, 2019 ("*Plaintiffs' Rule 56.1 Statement*").

[2] To the extent of any inconsistencies between the record of the Hearing and this Order, this Order shall control.

3. This Court hereby determines that no Event of Default has occurred or is continuing under the Indenture and, accordingly, that the terms of the Indenture in effect in the absence of an Event of Default shall be given effect and govern the rights of the respective parties under the Indenture, including, without limitation, with respect to effecting distributions of any Disputed Amounts currently held by the Defendant Deutsche Bank Trust Company Americas (the "*Defendant*"), as trustee, senior trustee, operating bank and security trustee, and/or its agents and of any distributions of proceeds of any Engine Dispositions that occur prior to October 31, 2019 ("*Pre-Cash Sweep Engine Dispositions*"), in each case, any such distributions of Disputed Amounts and of such Engine Disposition proceeds shall be effected and allocated among the parties entitled to receive such distributions based upon how such amounts would have been distributed on the original Payment Date when such amounts would have been distributed in the absence of any Event of Default and/or in the absence of the Injunctive Order (*in other words,* the distribution allocation shall be based upon the allocation methodology that existed for Payment Dates that occurred prior to the sixth anniversary of the closing of the Securitized Loan Facility). The Defendant and its agents are hereby directed to make any and all distributions required under this Decretal Paragraph as soon as practicable, but in any event within five (5) days of the date of this Order.

4. Without adjudicating any of the following:

   (a) whether the calculations made by the Defendant, the Administrative Agent and/or its agents under the Indenture and related operative documents were accurate,

   (b) whether the Defendant properly relied upon the instructions from the Noteholder Parties,

    (c)    damages (if any) that arose if such event of default notice was improperly issued, ~~and~~

    (d)    any defenses against the alleged Event of Default or Default Notice that Plaintiffs may assert that were not included in the Summary Judgment Motion and

    (e)    whether the Defendant itself breached the contract or whether it is protected by any contractual, statutory or common law defenses;

this Court also determines each of the following:

    (A)    that allegations that the Administrative Agent miscalculated amounts in the monthly Payment Date Schedules (the "*Miscalculation Allegation*"), even if true, cannot constitute an Event of Default within the meaning of Section 4.01 of the Indenture; and

    (B) ~~that the Defendant committed~~ a breach of contract ~~by declaring~~ occurred through the declaration that an Event of Default had occurred ~~based upon the Miscalculation Allegation asserted by the Loomis Sayles Investment Grade Bond Fund, Loomis Sayles Bond Fund, Loomis Sayles Investment Grade Fixed Income Fund and NHIT: Securitized Credit Trust (collectively, the "Intervenor") in the Intervenor's Direction Letter to the Defendant~~.

5.    The parties are hereby authorized and directed to take all actions reasonably necessary to effectuate the terms of this Order and the distributions contemplated herein.

6.    The Court hereby retains jurisdiction of the subject matter of this case, and of all the parties hereto, for the purpose of giving effect to this Order, enforcing this Order and with

respect to the disposition of the Disputed Amounts and any proceeds from any Pre-Cash Sweep Engine Dispositions.

7. Notwithstanding the provisions of Rule 62 of the Federal Rules of Civil Procedure, this Order shall not be stayed after the entry hereof and shall be effective and enforceable immediately upon entry.

8. This Order is final upon entry hereof and may be enforced to the fullest extent of the law.

Dated: _____ __, 2019          SO ORDERED.
New York, New York

                                            _____
                                            HONORABLE NAOMI REICE BUCHWALD
                                            UNITED STATES DISTRICT JUDGE