## SEWARD & KISSEL LLP

ONE BATTERY PARK PLAZA
NEW YORK, NEW YORK 10004

MARK D. KOTWICK
PARTNER
(212) 574-1545
kotwick@sewkis.com

TELEPHONE: (212) 574-1200
FACSIMILE: (212) 480-8421
WWW.SEWKIS.COM

901 K STREET, NW
WASHINGTON, DC 20001
TELEPHONE: (202) 737-8833
FACSIMILE: (202) 737-5184

July 3, 2019

**BY ECF AND FAX**

Hon. Naomi Reice Buchwald
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

> **Fan Engine Securitization Limited, et al. v. Deutsche Bank Trust Company Americas, as Trustee, Senior Trustee, Operating Bank and Security Trustee (19-cv-04318)**

Dear Judge Buchwald:

We represent defendant Deutsche Bank Trust Company Americas, as Trustee, Senior Trustee, Operating Bank and Security Trustee (in such capacities, "DBTCA").

We write pursuant to Rule 2.8. of Your Honor's Individual Practices to request a pre-motion conference in connection with DBTCA's anticipated motion to strike those portions of Plaintiffs' motion for summary judgment [ECF No. 28] exceeding the scope of the limited summary judgment briefing authorized by the Court in the June 26, 2019 Scheduling Order (the "Scheduling Order") [ECF No. 27]. The bases for the motion are set forth below.

In the Scheduling Order, the Court set a briefing schedule for Plaintiffs' anticipated motion for summary judgment "seeking a declaration that no Event of Default has occurred and that, accordingly, the terms of the Indenture in effect in the absence of an Event of Default shall be given effect." [ECF No. 27]. Plaintiffs, however, do not simply seek a determination of that discrete gating issue of whether there was an underlying Event of Default. Instead, Plaintiffs also seek summary judgment on liability in connection with their breach of contract claim against DBTCA.

Specifically, Plaintiffs ask the Court to determine "that the Defendant committed a breach of contract by declaring that an Event of Default had occurred based upon the Miscalculation Allegation asserted by the Loomis Sayles Investment Grade Bond Fund, Loomis Sayles Bond Fund, Loomis Sayles Investment Grade Fixed Income Fund and NHIT: Securitized Credit Trust (collectively, the "*Intervenor*") in the Intervenor's Direction Letter to the Defendant." [ECF No. 28-1 at 4; ECF No. 30 at 1.].

Hon. Naomi Reice Buchwald
July 3, 2019
Page 2

      Whether or not the Trustee breached the Indenture by issuing the Default Notice (it did not) goes beyond the question of whether an Event of Default occurred and goes to, among other things, the Trustee's reliance on the direction from the requisite number of Holders on the Notes. That is a question of fact and is not appropriately raised in a summary judgment motion at this time. Indeed, Plaintiffs expressly agreed during the June 20, 2019 conference with the Court and in their June 26, 2019 letter that they would not address these matters in their summary judgment motion. *See* ECF No. 27 at 1 ("Plaintiffs' motion shall not address … (b) whether the trustee properly relied upon the instructions from Loomis … or (d) any other defenses against the alleged Event of Default or notice of default that Plaintiffs may assert.").

      DBTCA respectfully submits that Plaintiffs' motion for summary judgment on its breach of contract claim is improper under the Scheduling Order and that consideration of such motion will delay a resolution of the key issue in this litigation – whether or not there was an Event of Default under the Indenture – and will not be an efficient use of the Court's resources.

      We have conferred with counsel for the parties regarding the relief requested herein. The Intervenors consent to the relief requested herein, but Plaintiffs oppose the requested relief and have stated that they believe the motion for summary judgment on the breach of contract claim is within the scope of the Order. In that regard, contrary to Plaintiffs' July 3, 2019 letter to the Court [ECF No. 32], DBTCA did not simply request from Plaintiffs "certain modifications to the Proposed Order" submitted with their summary judgement motion. Rather, DBTCA insisted that the offending arguments in the motion that go beyond the scope of the Scheduling Order be struck. Plaintiffs' suggested modifications to their proposed order this afternoon did not modify the relief sought in their summary judgment motion and do not cure their disregard of the Scheduling Order and the inappropriate expansion of the agreed to scope of their summary judgement motion.

      We appreciate Your Honor's consideration of this request and can be available at the Court's convenience to discuss this matter.

                                                Respectfully submitted,

                                                Mark D. Kotwick

cc:     All Counsel (by ECF)

SK 00211 3381 8325637