

Chicago
New York
Washington, DC
London
San Francisco
Los Angeles
Singapore
vedderprice.com

Michael J. Edelman
Shareholder
+1 212 407 6970
mjedelman@vedderprice.com

July 8, 2019

**VIA FACSIMILE AND ECF FILING**

The Honorable Naomi Reice Buchwald
United States District Judge
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

    Re:   *Fan Engine Securitization Limited and Jet Engine Holding S.à r.l. vs. Deutsche Bank Trust Company Americas, Case No. 19-cv 4318 (NRB) (S.D.N.Y.)* – **Response to Request of Defendant for Pre-Motion Conference with respect to Anticipated Motion to Strike**

Dear Judge Buchwald:

We represent plaintiffs Fan Engine Securitization Limited and Jet Engine Holding S.à r.l. (collectively, the "*Plaintiffs*") in the above matter. We write, pursuant to Rule 2.8 of Your Honor's Individual Practices, to respond to the July 3, 2019 letter [ECF No. 33] from counsel to defendant Deutsche Bank Trust Company Americas (the "*Defendant*").

In their July 3rd letter, Defendant's counsel asserts that the portion of Plaintiffs' recently filed motion for summary judgment [ECF Nos. 28-31] seeking judgment on their breach of contract claim exceeds the scope of briefing contemplated by the So Ordered letter submitted by Plaintiffs on June 26, 2019 (the "*Scheduling Order*" [ECF No. 27]), and requests a "pre-motion conference in connection with [the Defendant's] anticipated motion to strike [such] portions of Plaintiffs' motion for summary judgment [as] exceeding the scope" provided for under the Scheduling Order. Although Plaintiffs disagree with Defendant's position, we have already proposed an accommodation that moots the dispute entirely, as set forth in our own prior letter of July 3, 2019 [ECF No. 32].

Defendants contend that the cited portion of the Motion violates the parties' agreement, set forth in the Scheduling Order, that "Plaintiffs' motion shall not address ... (b) whether the trustee properly relied upon the instructions from [Intervenor] Loomis ... or (d) any other defenses against the alleged Event of Default[1] or notice of default that Plaintiffs may assert."

In fact, Plaintiff's Motion [ECF No. 28] and the accompanying filings make clear that Plaintiffs do not currently seek a determination as to: "(i) whether the calculations made by the Defendant and/or agents under the Indenture and related operative documents were accurate, (ii) whether the Defendant properly relied upon the instructions from the Noteholder Parties, (iii) the amount of damages (if any) that arose from the issuance of the Default Notice or (iv) any other defenses against the alleged Event of Default or

---

[1] Capitalized terms not defined herein shall have the meanings provided in Plaintiffs' Local Civil Rule 56.1 Statement.

1633 Broadway, 31st Floor  |  New York, New York 10019  |  T +1 212 407 7700  |  F +1 212 407 7799

Vedder Price P.C. is affiliated with Vedder Price LLP, which operates in England and Wales, Vedder Price (CA), LLP, which operates in California, and Vedder Price Pte. Ltd., which operates in Singapore.

The Honorable Naomi Reice Buchwald
July 8, 2019
Page 2

Default Notice that Plaintiffs may assert."[2]  These carveouts are aligned with the express terms of the Scheduling Order.  While the Scheduling Order states that the contemplated motion "shall focus upon" the conditions under which a payment Event of Default under the Indenture can occur, it does not preclude Plaintiff from also seeking summary judgment on the inherently related issue of whether the unwarranted declaration of an Event of Default constitutes a Breach of Contract, so long as Plaintiffs do not seek a determination regarding whether responsibility for such breach rests with the Defendant or the Intervenors.

Nonetheless, in an effort to dispose of the controversy and avoid troubling the Court, Plaintiffs expanded the original express carveouts contained within the proposed Order by modifying such proposed Order to: (a) eliminate any reference to Defendant in the context of judgment on their claim for breach of contract; and (b) state explicitly that no judgment is being made as to "whether the Defendant itself breached the contract or whether it is protected by any contractual, statutory or common law defenses."  This revised proposed Order accompanied Plaintiff's letter of July 3, 2019 [ECF No. 32].

Defendant now asserts that "Plaintiffs' suggested modifications to their proposed order… did not modify the relief sought in their summary judgment motion."  In fact, Plaintiffs' Motion [ECF No. 28] defines the relief sought in terms of the accompanying proposed Order and so the modification of that proposed Order is sufficient to also modify the scope of the relief sought.

Accordingly, there is no remaining controversy between the parties and the status conference regarding an anticipated (but now mooted) motion proposed by Defendant would needlessly squander the time and resources of the parties and the Court.

We thank the Court for turning its attention to this matter.

Respectfully submitted,

Michael J. Edelman

cc:   Mark D. Kotwick, Esq.          *Via E-Mail* (kotwick@sewkis.com)
      Ross Hooper, Esq.               *Via E-Mail* (hooper@sewkis.com)
      Kimberly A. Haviv, Esq.         *Via E-Mail* (kim.haviv@whitecase.com)
      Samuel P. Hershey, Esq.         *Via E-Mail* (sam.hershey@whitecase.com)
      Harrison Denman                 *Via E-Mail* (harrison.denman@whitecase.com)
      Jason N. Zakia, Esq.            *Via E-Mail* (jzakia@whitecase.com)
      Daniel C. Green, Esq.
      Marc B. Schlesinger, Esq.

---

[2] *See* ECF No. 28 (Motion), at n.2 (expressly carving out such matters from relief sought); ECF 28, Exh. Z (Proposed Order), at ¶ 4 (same); and ECF No. 30 (Memorandum of Law), at n.4 and accompanying text (expressly carving out such matters from the breach of contract relief sought by Plaintiffs).