UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

====================================================

FAN ENGINE SECURITIZATION LIMITED and
JET ENGINE HOLDING S.À R.L.,

                Plaintiffs,

                -against-

DEUTSCHE BANK TRUST COMPANY
AMERICAS, as Trustee, Senior Trustee, Operating
Bank and Security Trustee,

                Defendant,

and

LOOMIS SAYLES INVESTMENT GRADE BOND
FUND, LOOMIS SAYLES BOND FUND, LOOMIS
SAYLES INVESTMENT GRADE FIXED INCOME
FUND and NHIT: SECURITIZED CREDIT TRUST,

                Intervenors.

Case No. 19-cv-4318 (NRB)

====================================================

**PLAINTIFFS FAN ENGINE SECURITIZATION LIMITED AND JET ENGINE
HOLDING S.À R.L. RESPONSE TO THE LOOMIS FUNDS' RULE 56.1
SUPPLEMENTAL STATEMENT OF FACT**

Michael J. Edelman, Esq.
Daniel C. Green, Esq.
VEDDER PRICE P.C.
1633 Broadway, 31st Floor
New York, New York 10019
Telephone:  (212) 407-7700
Facsimile:   (212) 407-7799
E-Mail:      mjedelman@vedderprice.com
          dgreen@vedderprice.com
*Attorneys for Attorneys for* Plaintiffs Fan Engine
Securitization Limited and Jet Engine Holding S.à r.l.

Dated: August 7, 2019

Plaintiffs Fan Engine Securitization Limited and Jet Engine Holding S.à r.l., by their attorneys, Vedder Price P.C., hereby respectfully submit, pursuant to Local Civil Rule 56.1 of the Southern District of New York (the "*Local District Rules*") and Rule 56 of the Federal Rules of Civil Procedure ("*Federal Civil Rule 56*"), this response (this "*Response*") to the supplemental statement of allegedly material undisputed facts submitted by Intervenors Loomis Sayles Investment Grade Bond Fund, Loomis Sayles Bond Fund, Loomis Sayles Investment Grade Fixed Income Fund and NHIT: Securitized Credit Trust (f/k/a Loomis Sayles Securitized Credit Trust) (collectively, the "*Intervenors*") in Section II (pages 47 through 49) of their submission docketed as Docket No. 39 (such portion of the filing, the "*Intervenors' Rule 56.1 Supplemental Statement*").

This Response is divided into two parts:

(1)   ***General Objections***:   The Plaintiffs object to certain non-evidentiary materials relied upon by the Intervenors in the Intervenors' Rule 56.1 Supplemental Statement and request that such items be stricken and disregarded. *See infra* at pages 2 - 4.

(2)   ***Specific Responses***:   The Plaintiffs set forth their specific responses and objections to each assertion made by the Intervenors in the *Intervenors' Rule 56.1 Supplemental Statement*. *See infra* at pages 4 - 17.

To the extent that the Intervenors hereafter assert additional allegedly undisputed facts, the Plaintiffs reserve the right to supplement this Response to address such matters.[1]

## I.    GENERAL OBJECTIONS AND REQUEST TO STRIKE NON-EVIDENTIARY PORTIONS OF INTERVENORS' RULE 56.1 SUPPLEMENTAL STATEMENT

The Plaintiffs object to the Intervenors' Rule 56.1 Supplemental Statement because it

---

[1]   Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in (a) Plaintiffs' Local Civil Rule 56.1 statement of uncontested material facts, dated July 1, 2019 (the "*Rule 56.1 Statement*") or (b) if not defined therein, in the Plaintiffs' Reply Memorandum of Law in Support of Motion for Summary Judgment that No Event of Default Has Occurred under the Terms of the Indenture and Related Operative Documents, filed concurrently herewith (the "*Plaintiffs' Reply*").

contains purported facts that are inadmissible as part of a Local Civil Rule 56.1 statement.  A statement submitted under Local Civil Rule 56.1 is required to meet the evidentiary requirements of the Federal Rules of Evidence.   Indeed, Local Civil Rule 56.1 specifically provides that "[e]ach statement [of material fact] by a movant or opponent . . . must be followed by citation to evidence which would be admissible. . . . "  "Allowing a [summary judgment statement of undisputed facts] to substitute for the admissibility requirement set forth in [Federal Civil Rule 56] 'would be tantamount to the tail wagging the dog.'"  *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 74 (2d Cir. 2001) (citation omitted).  Each statement in a Rule 56.1 statement "shall be made on personal knowledge" and "must be followed by citation to evidence which would be admissible."  *LaSalle Bank N.A. v. Merrill Lynch Mortgage Lending, Inc.*, No. 04 Civ. 5452, 2007 U.S. Dist. LEXIS 59303, at *16-7 (S.D.N.Y. August 13, 2007) (citing to Fed. R. Civ. P. 56).   Federal Rule of Civil Procedure 56(c)(4) provides that an "affidavit or declaration used to support . . . a motion [for summary judgment] must be made on personal knowledge, set out facts that would be admissible in evidence, and shall show that the affiant or declarant is competent to testify to the matters stated." Fed. R. Civ. P. 56(c)(4)).   Further, alleged facts that are unsupported by the evidentiary record should be disregarded.  *See Giannullo v. New York City*, 322, F.3d 139, 140 (2d Cir. 2003); *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d at 74.   Any allegations in the Intervenors' Rule 56.1 Supplemental Statement that violate one or more evidentiary requirements should be stricken and disregarded by this Court.  *See, e.g., LaSalle Bank*, 2007 U.S. Dist. LEXIS 59303 at *17 ("Assertions in [statement of facts supported summary judgment motion] must be disregarded to the extent they are unsupported in the record.").

The following evidentiary principles apply to the Intervenors' Rule 56.1 Supplemental

Statement:

- **<u>Hearsay Inadmissible</u>**.  Hearsay statements set forth in an affidavit in support of a motion for summary judgment that cannot be categorized as a hearsay exception should be stricken.  *Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986) (conclusory allegations and legal arguments); *Hollander v. American Cyanamid Co.*, 172 F.3d 192, 198 (2d Cir. 1999)*; Caldwell v. The American Basketball Assoc.*, 825 F.Supp. 558, 572 (S.D.N.Y. 1993), *aff'd*, 66 F.3d 523 (2d Cir. 1995), *cert. denied,* 518 U.S. 1033 (1996) (hearsay inadmissible).  Rule 801 of the Federal Rules of Evidence defines "hearsay" as "a statement" other than one made by the declarant "while testifying at the current trial or hearing" "offer[ed] in evidence to prove the truth of the matter asserted in the statement."  *See* Fed R. Evid. 801.  Absent satisfaction of the requirements for an exception, hearsay is not admissible as evidence.  *See* Fed R. Evid. 802.

- **<u>Irrelevant Evidence Inadmissible</u>**.  "Under the Federal Rules of Evidence, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and if it "is of consequence in determining the action. . . .  If evidence is not relevant under this definition, it is inadmissible."  *See New York v. Adamowicz* , 932 F.Supp.2d 340, 343 (E.D.N.Y. 2013).

- **<u>Statements Made Without Personal Knowledge Inadmissible</u>**. Likewise, statements not based upon personal knowledge may be stricken. *See Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 643 (2d Cir.1988).

- **<u>Conclusory Allegations and Legal Arguments Inadmissible</u>.**  Finally, conclusory allegations and legal arguments are not evidence and may be stricken.  *Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986).

These evidentiary principles mandate that most portions of the Intervenors' Rule 56.1 Supplemental Statement be stricken and disregarded.  For example, conclusory statements about calculations and payment entitlements made without reference to the evidentiary agreement of the parties should be disregarded.

In addition, to the extent not more specifically addressed below, the Plaintiffs dispute the statements and declarations made by the Intervenors if controverted in the Plaintiffs' Rule 56.1 Statement.

## II.   SPECIFIC OBJECTIONS AND RESPONSES TO INTERVENORS' RULE 56.1 <u>SUPPLEMENTAL STATEMENT OF ALLEGEDLY UNDISPUTED FACTS</u>

### <u>PARAGRAPH NO. 1:</u>

1.      In 2013, the Loomis Funds were among the initial purchasers of Series A Notes under the Indenture.  See Allman Decl. ⁋ 3.

**RESPONSE:  Deny.**  The Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of this allegation and so deny same..  Furthermore, nothing is in the evidentiary record supports such allegation.  Moreover, Rule 56.1 counterstatements are required to set forth material facts bearing upon the instant dispute.  Plaintiffs contest the materiality of this alleged fact as the timing of the Intervenors' acquisition of their notes has no bearing upon the instant dispute.

### <u>PARAGRAPH NO. 2:</u>

2.      The Loomis Funds continue to hold approximately 70% of the Series A Notes. See Allman Decl. ⁋ 3; Original Direction Letter at 2.

**RESPONSE:  Partially admit.**  Admit that at the time that the Default Notice was submitted, Intervenors held a majority of the outstanding Series A Notes.

## PARAGRAPH NO. 3:

3.      Stifel Bancorp, Inc. ("Stifel") acquired JEH, the holder of Fan's E Certificates, in July 2018.  See Allman Decl. ⁋ 4; id. Ex. A, Stifel 10-Q at 47.

**RESPONSE:  Deny.**  Rule 56.1 counterstatements are required to set forth material facts bearing upon the instant dispute.  Plaintiffs contest the materiality of this alleged fact as the timing and manner of the acquisition has no bearing upon the instant dispute.

## PARAGRAPH NO. 4:

4.      A few months after Stifel's acquisition, in November 2018, Fan sold three of the most valuable engines in its fleet.  See Allman Decl. ⁋ 5; see, e.g., id. Ex. C, December 2018 Report.

**RESPONSE:  Deny.**  As set forth in the Administrative Agent's monthly Payment Date Schedules covering late 2018, the Issuer sold several engines in November 2018.  The Plaintiffs, however, have not performed a valuation analysis and, accordingly, have no knowledge as to the remainder of the alleged facts set forth in Paragraph 4.  Further, Rule 56.1 counterstatements are required to set forth material facts bearing upon the instant dispute.  Plaintiffs contest the materiality of this alleged fact as the timing and manner of the acquisition has no bearing upon the instant dispute.

## PARAGRAPH NO. 5:

5.      Measured by Net Sales Proceeds, the sales in the month of November 2018 constituted approximately 70% of all engines sales since the Indenture's inception in 2013 through November 30, 2018.  See Allman Decl. ⁋ 5.

**RESPONSE:    Deny.**  The Plaintiffs have not performed a valuation analysis or comparison and such statement is vague as to the comparative metric utilized.

-5-

Accordingly, Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of this allegation and so deny same.   Further, Rule 56.1 counterstatements are required to set forth material facts bearing upon the instant dispute.   Plaintiffs contest the materiality of this alleged fact as the relative value of the Engines subject to Engine Dispositions have no bearing upon the issues subject to the current summary judgment motion.

## PARAGRAPH NO. 6:

6.        In January 2019, the Loomis Funds received the monthly report for December 2018.   See Allman Decl. ⁋ 6; id. Ex. D, January 2019 Report.

**RESPONSE: Deny.**   The Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of this allegation and so deny same.   information sufficient to form a belief as to the truth of this allegation and so deny same.     Further, Rule 56.1 counterstatements are required to set forth material facts bearing upon the instant dispute.   Plaintiffs contest the materiality of this alleged fact as the relative value of the Engines subject to Engine Dispositions have no bearing upon the issues subject to the current summary judgment motion.

## PARAGRAPH NO. 7:

7.        The January 2019 remittance report showed a Scheduled Principal Payment Amount of only $247,233 to the Noteholders, and a payment of $359,316 to Fan's "Maintenance Support Account," which ranks lower in priority in the waterfall.   See Allman Decl. ⁋ 6; id. Ex. D, January 2019 Report at 2.

**RESPONSE:   Admit and Deny.**   The Plaintiffs admit that the Administrative Agent calculated the amounts set forth in the Payment Date Schedule and circulated the monthly Payment Date Schedule for the month ending December 31, 2018 in January 2019.   The Plaintiffs further state that Paragraph 7 is a selective recitation of the contents of the

January 2019 monthly Payment Date Schedule; this Court should specifically refer to such January 2019 monthly Payment Date Schedule for the full content thereof. The Intervenors fail to recite that in accordance with such Payment Date Report, the Administrative Agent made distributions in accordance with the waterfall based upon how much was owing at each level. Additionally, this recitation appears to raise a contention regarding calculation disputes, which, by agreement of the parties and an order of this Court, is beyond the scope of the Summary Judgment Motion. *See* Docket No. 27 (memo endorsement of timing and scope of Summary Judgment Motion). Plaintiffs contest the materiality of this alleged fact as the relative amounts set forth in a distribution waterfall has no relevance or bearing upon the issues subject to the current summary judgment motion.

## PARAGRAPH NO. 8:

8.      The $247,233 payment was nearly $60,000 lower than the Noteholders' Scheduled Principal Payment Amount in November 2018. See Allman Decl. ¶ 7; id. Ex. B, November 2018 Report at 2.

**RESPONSE:  Admit and Deny.**  The Plaintiffs admit that the Administrative Agent calculated the amounts set forth in the Payment Date Schedules and note that Intervenor appears to be comparing non-consecutive months. Plaintiffs deny the remainder of Paragraph 8 as follows:  The Plaintiffs further state that Paragraph 8 is a selective recitation of the contents of the November 2018, December 2018 and/or January 2019 monthly Payment Date Schedule; this Court should specifically refer to such monthly Payment Date Schedules for the full content thereof. *See* Allman Exhs. B, C & D. Furthermore, the Intervenors' selective recitation of distributions is blatantly misleading. Additionally, this recitation appears to raise a contention regarding calculation disputes,

which, by agreement of the parties and an order of this Court, is beyond the scope of the

Summary Judgment Motion.  *See* Docket No. 27 (memo endorsement of timing and

scope of Summary Judgment Motion).  Plaintiffs contest the materiality of this alleged

fact as the relative amounts set forth in a distribution waterfall has no relevance or

bearing upon the issues subject to the current summary judgment motion.

## PARAGRAPH NO. 9:

9.      Additionally, the Noteholders had received only $59,629 in December 2018.  See
Allman Decl. ⸎ 7; id. Ex. C, December 2018 Report at 2.

**RESPONSE:   Admit and Deny.**  The Plaintiffs admit that the Administrative Agent

calculated the amounts set forth in the Payment Date Schedules, but deny the remainder.

The Plaintiffs further state that Paragraph 9 is a selective recitation of the contents of the

December 2018 monthly Payment Date Schedule; this Court should specifically refer to

such December 2018 monthly Payment Date Schedule for the full content thereof.  *See*

Allman, Exh. C.  Specifically, the Intervenors recitation fails to inform the Court that

they actually received an additional $10,166,013.84 in principal repayments in December

2018.  Therefore, the Intervenors' claim that they received "only $59,629" is blatantly

misleading.   Additionally, this recitation appears to raise a contention regarding

calculation disputes, which, by agreement of the parties and an order of this Court, is

beyond the scope of the Summary Judgment Motion.  *See* Docket No. 27 (memo

endorsement of timing and scope of Summary Judgment Motion).  Plaintiffs contest the

materiality of this alleged fact as the relative amounts set forth in a distribution waterfall

has no relevance or bearing upon the issues subject to the current summary judgment

motion.

## PARAGRAPH NO. 10:

10.      Fan was required to make up the deficit from the December payment when it had funds available to do so.  See Allman Decl. ⁋ 7; Indenture § 1.01, at 37 (definition of "Scheduled Principal Payment Amount").

**RESPONSE:  Deny.**  Paragraph 10 does not set forth any material undisputed facts, as required by Local Civil Rule 56.1, but rather sets forth legal contentions.  Therefore, no response is required.  To the extent a response is required, Plaintiffs dispute this contention.  The Plaintiffs further state that Paragraph 10 is a selective recitation of the terms of the Indenture and ignores the terms and provisions of the Payment Date Schedules prepared by the Intervenors' agent (the Administrative Agent).  This Court should specifically refer to the terms of the Indenture for the full content thereof.  Additionally, this recitation appears to raise a contention regarding calculation disputes, which, by agreement of the parties and an order of this Court, is beyond the scope of the Summary Judgment Motion.  *See* Docket No. 27 (memo endorsement of timing and scope of Summary Judgment Motion).   Plaintiffs contest the materiality of this alleged fact as the relative amounts set forth in a distribution waterfall has no relevance or bearing upon the issues subject to the current summary judgment motion.

## PARAGRAPH NO. 11:

11.      In January 2019, there were funds available in the Collections Account to pay the Noteholders additional amounts.  See Allman Decl. ⁋ 7; id. Ex. D, January 2019 Report at 2.

**RESPONSE:  Deny.**  Paragraph 11 does not set forth any material undisputed facts, as required by Local Civil Rule 56.1, but rather sets forth legal contentions.  Therefore, no response is required.  To the extent a response is required, Plaintiffs dispute this contention.  The Plaintiffs further state that Paragraph 11 is a selective recitation of the

January 2019 Payment Date Schedule.  This Court should specifically refer to the terms of the January 2019 Payment Date Schedule for the full content thereof.  Additionally, this recitation appears to raise a contention regarding calculation disputes, which, by agreement of the parties and an order of this Court, is beyond the scope of the Summary Judgment Motion.  *See* Docket No. 27 (memo endorsement of timing and scope of Summary Judgment Motion).  Plaintiffs contest the materiality of this alleged fact as the relative amounts set forth in a distribution waterfall has no relevance or bearing upon the issues subject to the current summary judgment motion.

**PARAGRAPH NO. 12:**

12.     Fan instead paid those funds to a lower tier in the waterfall.  See Allman Decl. ¶ 7; id. Ex. D, January 2019 Report at 2.

**RESPONSE:  Deny.**  Paragraph 12 does not set forth any material undisputed facts, as required by Local Civil Rule 56.1, but rather sets forth legal contentions as to amounts actually owed or distributable as of such date.  Therefore, no response is required.  To the extent a response is required, Plaintiffs dispute this contention.  The Plaintiffs further state that Paragraph 12 is a selective recitation of the January 2019 Payment Date Schedule.  This Court should specifically refer to the terms of the January 2019 Payment Date Schedule for the full content and statements thereof.  Additionally, this recitation appears to raise a contention regarding calculation disputes, which, by agreement of the parties and an order of this Court, is beyond the scope of the Summary Judgment Motion.  *See* Docket No. 27 (memo endorsement of timing and scope of Summary Judgment Motion).  Plaintiffs contest the materiality of this alleged fact as the relative amounts set forth in a distribution waterfall has no relevance or bearing upon the issues subject to the

current summary judgment motion.

## **PARAGRAPH NO. 13:**

13.    The February 2019 remittance report reflected zero scheduled principal payments to the Noteholders, yet distributions to the E Certificates.  See Allman Decl. ¶ 9; id. Ex. E, February 2019 Report at 2.

**RESPONSE:  Admit and Deny.**  The Plaintiffs admit that the Administrative Agent

calculated the amounts set forth in the Payment Date Schedules, but deny the remainder.

The Plaintiffs state that Paragraph 13 is a selective recitation of the February 2019

Payment Date Schedule.  This Court should specifically refer to the terms of the February

2019 Payment Date Schedule for the full content thereof.   *See* Allman Exh. E.

Specifically, the Intervenors recitation fails to inform the Court that they actually

received $980,011.02 in principal repayments in February 2019.   Therefore, the

Intervenors' claim that they received "zero" is blatantly misleading.   Additionally, this

recitation appears to raise a contention regarding calculation disputes, which, by

agreement of the parties and an order of this Court, is beyond the scope of the Summary

Judgment Motion.   *See* Docket No. 27 (memo endorsement of timing and scope of

Summary Judgment Motion).   Plaintiffs contest the materiality of this alleged fact as the

relative amounts set forth in a distribution waterfall has no relevance or bearing upon the

issues subject to the current summary judgment motion.

## **PARAGRAPH NO. 14:**

14.    The March 2019 remittance report reflected zero scheduled principal payments to the Noteholders, yet distributions to the E Certificates.  See Allman Decl. ¶ 9; id. Ex. F, March 2019 Report at 2.

**RESPONSE: Admit and Deny.**  The Plaintiffs admit that the Administrative Agent

calculated the amounts set forth in the Payment Date Schedules, but deny the remainder.

The Plaintiffs state that Paragraph 14 is a selective recitation of the March 2019 Payment

Date Schedule.  This Court should specifically refer to the terms of the March 2019

Payment Date Schedule for the full content thereof.  Additionally, this recitation appears

to raise a contention regarding calculation disputes, which, by agreement of the parties

and an order of this Court, is beyond the scope of the Summary Judgment Motion.  *See*

Docket No. 27 (memo endorsement of timing and scope of Summary Judgment Motion).

Plaintiffs contest the materiality of this alleged fact as the relative amounts set forth in a

distribution waterfall has no relevance or bearing upon the issues subject to the current

summary judgment motion.

## PARAGRAPH NO. 15:

15.     Since the inception of the Indenture, Fan has made underpayments of monthly
Scheduled Principal Payment due to the Noteholders that total over $10 million.  See
Allman Decl. ‖ 10.

**RESPONSE:  Deny.**  Paragraph 15 does not set forth any material undisputed facts, as

required by Local Civil Rule 56.1, but rather sets forth legal contentions.  Therefore, no

response is required.   To the extent a response is required, Plaintiffs dispute this

contention.  The Plaintiffs further state that Paragraph 15 is a selective recitation of the

January 2019 Payment Date Schedule.  This Court should specifically refer to the terms

of the January 2019 Payment Date Schedule for the full content thereof.  Additionally,

this recitation appears to raise a contention regarding calculation disputes, which, by

agreement of the parties and an order of this Court, is beyond the scope of the Summary

Judgment Motion.  *See* Docket No. 27 (memo endorsement of timing and scope of

Summary Judgment Motion).  Plaintiffs contest the materiality of this alleged fact as the

relative amounts set forth in a distribution waterfall has no relevance or bearing upon the issues subject to the current summary judgment motion.

### PARAGRAPH NO. 16:

16.     In the months following the January 2019 remittance report, the Loomis Funds contacted Fan to discuss the underpayments and even offered to share their calculations to determine the source of the disagreement.  See Allman Decl. ⁋ 11; see, e.g., id. Ex. J, March 13, 2019 Letter; Ex. L, April 11, 2019 Letter; Ex. M, April 25, 2019 Letter; Direction Letter Supplement at 4.

**RESPONSE: Deny.**  The Intervenors' contention that the Issuer refused to provide its calculations to them is a complete misrepresentation. The Plaintiffs have promptly responded to the Intervenors' inquiries and repeatedly informed the Intervenors that the Plaintiffs do not possess such calculations relating to the Payment Date Schedules which, although they appear correct, are prepared by the Administrative Agent (and not the Issuer).  *See* Allman Exhs. K and Complaint, Exhs. H & K.  Additionally, this recitation appears to raise a contention regarding calculation disputes, which, by agreement of the parties and an order of this Court, is beyond the scope of the Summary Judgment Motion. *See* Docket No. 27 (memo endorsement of timing and scope of Summary Judgment Motion).  Moreover, it appears that the Intervenors ignored the governance and control mechanics by which they could have obtained more information from the Administrative Agent, but apparently chose not to do so.  Plaintiffs contest the materiality of this alleged fact as the relative amounts set forth in a distribution waterfall has no relevance or bearing upon the issues subject to the current summary judgment motion.

### PARAGRAPH NO. 17:

17.     Fan refused to remedy its underpayments.  See Allman Decl. ⁋ 11; see, e.g., id. Ex. K, March 20, 2019.

**RESPONSE: Deny**.  Paragraph 17 does not set forth any material undisputed facts, as required by Local Civil Rule 56.1, but rather sets forth legal contentions.  The Issuer's monthly payment date obligations are specifically delineated to the Administrative Agent's Payment Date Schedules.  Full payment of all amounts contained in the Payment Date Schedules have always been paid.  Additionally, the Issuer never refused to "remedy its underpayments" as there have been no underpayments.  More fundamentally, this recitation appears to raise a contention regarding calculation disputes, which, by agreement of the parties and an order of this Court, is beyond the scope of the Summary Judgment Motion.  *See* Docket No. 27 (memo endorsement of timing and scope of Summary Judgment Motion).   Plaintiffs contest the materiality of this alleged fact as the relative amounts set forth in a distribution waterfall has no relevance or bearing upon the issues subject to the current summary judgment motion.

## PARAGRAPH NO. 18:

18.     Fan refused to exchange calculations.  See Allman Decl. ¶ 11.

**RESPONSE:  Deny.**  The Intervenors' contention that the Issuer refused to exchange calculations is a complete misrepresentation.  The Plaintiffs have promptly responded to the Intervenors' inquiries and repeatedly informed the Intervenors that the Plaintiffs do not possess such calculations relating to the Payment Date Schedules which, although they appear correct, are prepared by the Administrative Agent (and not the Issuer).  *See* Allman Exhs. K and Complaint, Exhs. H & K.  Additionally, this recitation appears to raise a contention regarding calculation disputes, which, by agreement of the parties and an order of this Court, is beyond the scope of the Summary Judgment Motion.  *See* Docket No. 27 (memo endorsement of timing and scope of Summary Judgment Motion).

Moreover, it appears that the Intervenors ignored the governance and control mechanics by which they could have obtained more information from the Administrative Agent, but apparently chose not to do so.  Plaintiffs contest the materiality of this alleged fact as the relative amounts set forth in a distribution waterfall has no relevance or bearing upon the issues subject to the current summary judgment motion.

## PARAGRAPH NO. 19:

19.     Fan refused to explain the methodology behind its calculations, payments and distributions.   See Allman Decl. ℙ 11; see, e.g., Direction Letter Supplement at 4.

**RESPONSE: Deny.**   Again, the Intervenors' contention that the Issuer refused to exchange calculations is a complete misrepresentation.   The Plaintiffs have promptly responded to the Intervenors' inquiries and repeatedly informed the Intervenors that the Plaintiffs do not possess such calculations relating to the Payment Date Schedules which, although they appear correct, are prepared by the Administrative Agent (and not the Issuer).  *See* Allman Exhs. K and Complaint, Exhs. H & K.  Additionally, this recitation appears to raise a contention regarding calculation disputes, which, by agreement of the parties and an order of this Court, is beyond the scope of the Summary Judgment Motion. *See* Docket No. 27 (memo endorsement of timing and scope of Summary Judgment Motion).   Moreover, the Intervenors ignored the governance and control mechanics by which they could have obtained more information from the Administrative Agent, but apparently chose not to do so.  Plaintiffs contest the materiality of this alleged fact as the relative amounts set forth in a distribution waterfall has no relevance or bearing upon the issues subject to the current summary judgment motion.

## PARAGRAPH NO. 20:

20.     During the same period, the Loomis Funds also contacted Phoenix through BNP, as intermediary.  Phoenix likewise refused to meet to explain their calculations and told BNP that the Series A Notes had received the right amount and that "no further amortisation is required until October 2019" for the Series A Notes, meaning Fan planned to continue to pay the Noteholders zero in Scheduled Principal Payment Amounts in the months ahead.  See Allman Decl. ⁋ 12; id. Ex. I, February 21, 2019 Email.

**RESPONSE:  Deny.**  The Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of this allegation and so deny same..  The Intervenors' contention that the Administrative Agent refused to respond to the Intervenors also appears to be a complete misrepresentation.  In fact, the Intervenors have actually admitted the exact opposite — that the Administrative Agent has so responded to the Intervenors.  *See* Allman  Exh. I (Administrative Agent response to Deutsche Bank who responds to the Intervenors).   Additionally, this recitation appears to raise a contention regarding calculation disputes, which, by agreement of the parties and an order of this Court, is beyond the scope of the Summary Judgment Motion.  *See* Docket No. 27 (memo endorsement of timing and scope of Summary Judgment Motion).    Moreover, the Intervenors ignored the governance and control mechanics by which they could have obtained more information from the Administrative Agent, but apparently chose not to do so.  Plaintiffs contest the materiality of this alleged fact as the relative amounts set forth in a distribution waterfall has no relevance or bearing upon the issues subject to the current summary judgment motion.

## PARAGRAPH NO. 21:

21.     To date, the Loomis Funds still have not received any explanation or justification for these deficient remittances.    See Allman Decl. ⁋ 13.

**RESPONSE:  Deny.**  Refers the Court to the full text of Responses 18 through 21 above as such recitation addresses the same allegations.  Additionally, this recitation appears to

raise a contention regarding calculation disputes, which, by agreement of the parties and an order of this Court, is beyond the scope of the Summary Judgment Motion.  *See* Docket No. 27 (memo endorsement of timing and scope of Summary Judgment Motion).  Moreover, the Intervenors ignored the governance and control mechanics by which they could have obtained more information from the Administrative Agent, but apparently chose not to do so.  Plaintiffs contest the materiality of this alleged fact as the relative amounts set forth in a distribution waterfall has no relevance or bearing upon the issues subject to the current summary judgment motion.

## PARAGRAPH NO. 22:

22.    Fan has never contended that the Scheduled Principal Payment Amounts as calculated by the Administrative Agent complied with Fan's obligation to make payments under the waterfall provisions in Section 3.08 and the other terms governing creditor payments under the Indenture.  See Allman Decl. ¶ 14.

**RESPONSE:    Deny**.   The Issuer has repeatedly and consistently informed the Intervenors that the Administrative Agent's Payment Date Schedules are correct, but that the Administrative Agent (and not the Plaintiffs) performed all such calculation and distribution functions.   Additionally, this recitation appears to raise a contention regarding calculation disputes, which, by agreement of the parties and an order of this Court, is beyond the scope of the Summary Judgment Motion.  *See* Docket No. 27 (memo endorsement of timing and scope of Summary Judgment Motion).   Moreover, the Intervenors expressly ignored the governance and control mechanics by which they could have obtained more information from the Administrative Agent, but apparently chose not to do so.  Plaintiffs contest the materiality of this alleged fact as the relative amounts set forth in a distribution waterfall has no relevance or bearing upon the issues subject to the

current summary judgment motion.

Dated: New York, New York           Respectfully submitted,
        August 7, 2019

                                        **VEDDER PRICE P.C.**

                                        By: /s/ Michael J. Edelman
                                          Michael J. Edelman
                                          Daniel C. Green
                                          1633 Broadway, 31st Floor
                                          New York, New York 10019
                                          Telephone:  (212) 407-7700
                                          Facsimile: (212) 407-7799
                                          E-Mail:  mjedelman@vedderprice.com
                                                      dgreen@vedderprice.com
                                          *Attorneys for Plaintiffs Fan Engine Securitization Limited*
                                        *and Jet Engine Holding Sea r.l.*