UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------X
FAN ENGINE SECURITIZATION LIMITED and JET
ENGINE HOLDING S.A.R.L.,

                 Plaintiffs,              **MEMORANDUM AND ORDER**

       - against -            19 Civ. 4318 (NRB)

DEUTSCHE BANK TRUST COMPANY AMERICAS, as
Trustee, Senior Trustee, Operating Bank and
Security Trustee,

             Defendant,

and

LOOMIS SAYLES INVESTMENT GRADE BOND FUND,
LOOMIS SAYLES BOND FUND, LOOMIS SAYLES
INVESTMENT GRADE FIXED INCOME FUND and NHIT
SECURITIZED CREDIT TRUST

           Intervenors.

--------------------------------------X
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

    Pending before this Court is plaintiffs' motion for summary judgment seeking a declaration that no event of default has occurred under the Indenture and related operative documents. Oral argument on this motion was held on September 16, 2019, following a full opportunity for the parties to brief the motion. Plaintiffs have maintained from the outset of this litigation that the mere existence of the issue of whether there was an event of default could well have severe—if not catastrophic—economic consequences. No party disputes that expedited consideration is appropriate in

1

light of the fact that the Indenture contemplates a refinancing by October 31, 2019.  While the Court would always prefer to issue a detailed and fully-cited opinion, doing so within the immediate future is not feasible given the Court's schedule.  Accordingly, I have decided that the issuance of a short decision which highlights the full opinion that the Court will issue is preferable under the circumstances.

Bottom line: no event of default has occurred under the Indenture and related operative documents, and plaintiffs are entitled to a declaratory judgment to that effect.  In reaching this conclusion, the Court is guided by Judge Pauley's decision in U.S. Bank Nat'l Ass'n v. Barclays Bank PLC, et al., No. 11 Civ. 9199, 2013 WL 1180414 (S.D.N.Y. Mar. 12, 2013).  First, we concur with Judge Pauley's interpretation of the word "payable" and thus find that there has been no failure to pay any amount "due and payable" under Section 4.01(c) since the distributions (whether correct or not) were made in accordance with the Payment Date Schedule.  Second, as in U.S. Bank, any other reading of Section 4.01(c) "would significantly undermine–if not completely frustrate–the purpose of," in our case, Section 10.01(a).  Id. at *6.  Third, there has been no violation of any obligation by the Issuer that would trigger an event of default under Section 4.01(d).  Reliance on Section 4.01(d) would be misplaced where, as here, the Issuer in no way caused and has no power to remedy any

calculation or distribution by the Administrative Agent which may ultimately be found to have been inaccurate. As the parties are well aware, the Indenture here was carefully designed to insulate the Issuer from any access to monies received or involvement in their distribution, a process involving only the Administrative Agent and the Security Trustee.

A full decision will be issued as soon as feasible.

Dated:      New York, New York
            September __7__, 2019

                                    NAOMI REICE BUCHWALD
                                    UNITED STATES DISTRICT JUDGE

3