

Chicago
New York
Washington, DC
London
San Francisco
Los Angeles
Singapore

vedderprice.com

Michael J. Edelman
Shareholder
+1 212 407 6970
mjedelman@vedderprice.com

September 20, 2019

**VIA ECF AND FACSIMILE**

Hon. Naomi Reice Buchwald, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY  10007-1312

    Re:  *Fan Engine Securitization Ltd. v. Deutsche Bank Trust Co. Americas*,
           Case No. 19-cv-4318 (NRB) (S.D.N.Y.) – Request for Entry of Order
           relating to No Event of Default Decision

Dear Judge Buchwald:

We represent Plaintiffs Fan Engine Securitization Limited (the "*Issuer*") and Jet Engine Holding S.à r.l. (collectively, the "*Plaintiffs*") in the above-referenced case.  We greatly appreciate the Court's expeditious issuance of the Memorandum and Order, dated September 19, 2019 [Docket No. 53] (the "*Decision*") in light of the exigencies noted by the Plaintiffs and referenced by the Court in its Decision.

Pursuant to the Decision, this Court granted the Plaintiffs' motion for summary judgment, dated July 1, 2019 [Docket No. 28] (the "*Summary Judgment Motion*"), and held that "no event of default has occurred under the Indenture and related operative documents."  *See* Decision, at 2.

The Plaintiffs respectfully hereby request the entry of a proposed order in the form attached hereto to clarify the effect of the Decision with respect to the following matters:

- **Temporary Restraining Order**:  At the initiation of this suit, this Court entered a temporary restraining order on May 14, 2019 [Docket No. 3] (the "TRO") to maintain the *status quo* pending this Court's resolution of whether an event of default had occurred.  Now that the Court has determined that no event of default has occurred, the TRO no longer serves such purpose.  Accordingly, the Plaintiffs request that the Proposed Order be entered to clarify that the TRO is now dissolved.

- **Request for Order to Have Immediate Effect**:  Among the other relief requested by the Plaintiffs in the Summary Judgment Motion was that the rulings of this Court regarding such motion be given immediate effect.  Such request was specifically requested and set forth in the proposed order attached to the Summary Judgment Motion.  *See* Summary Judgment Motion, Exh. Z (proposed order) (the "*Proposed Order*").  In light of the exigencies and harm to the Issuer caused by the unsupported acceleration of the Series A Notes and the need for the Issuer to move forward expeditiously with administering its business and effectuating (if possible) a refinancing, we believe that a clarification regarding the immediate effect of the Decision is fully justified and warranted.

1633 Broadway, 31st Floor  |  New York, New York 10019  |  T +1 212 407 7700  |  F +1 212 407 7799

Vedder Price P.C. is affiliated with Vedder Price LLP, which operates in England and Wales, Vedder Price (CA), LLP, which operates in California, and Vedder Price Pte. Ltd., which operates in Singapore.

The Honorable Naomi Reice Buchwald
September 20, 2019
Page 2

- ***Request for Securitization to Effect Distributions in Accordance with Ordinary (Non-Event of Default) Distribution Waterfall:*** Under the proposed order, we further clarify that distributions should again be made in accordance with the historical non-default procedures utilized in this transaction.

Again, all of these matters were provided for in the original Proposed Order attached to the Summary Judgment Motion. Additionally, we have further revised the form of the Proposed Order to delete all references to the breach of contract and related matters, which this Court specifically determined was beyond the scope of the Summary Judgment Motion. *See Memorandum and Order*, dated July 11, 2019 [Docket No. 36].

Accordingly, the Plaintiffs hereby request that this Court enter the Proposed Order in the form annexed hereto to give effect and clarify the impact of this Court's Decision. Also annexed is a blackline that shows the changes made to the original form of the Proposed Order annexed to the Summary Judgement Motion.

We thank the Court in advance for its time and attention to this matter.

Respectfully submitted,

Michael J. Edelman

cc: All Counsel (via ECF and E-Mail)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FAN ENGINE SECURITIZATION LIMITED
and JET ENGINE HOLDING S.À R.L.,

              Plaintiffs,

-against-

DEUTSCHE BANK TRUST COMPANY
AMERICAS, as Trustee, Senior Trustee,
Operating Bank and Security Trustee,

              Defendant.

Case No. 19-cv-4318 (NRB)

---

### ORDER GRANTING MOTION OF PLAINTIFFS FAN ENGINE SECURITIZATION LIMITED AND JET ENGINE HOLDING S.À R.L. FOR SUMMARY JUDGMENT THAT NO EVENT OF DEFAULT HAS OCCURRED UNDER THE TERMS OF THE INDENTURE AND RELATED OPERATIVE DOCUMENTS

This matter having come before the Court on the motion for summary judgment, dated July 1, 2019 (the "*Summary Judgment Motion*"), brought by plaintiffs Fan Engine Securitization Limited ("*Fan*") and Jet Engine Holding S.à r.l. ("*JEH*", collectively with Fan, the "*Plaintiffs*");[1] and due, proper, timely, adequate and sufficient notice of the Summary Judgment Motion having been given to all interested parties; and a temporary restraining order having been previously entered on May 14, 2019 [Docket No. 3] (the "TRO") to maintain the *status quo* pending this Court's resolution of whether an event of default had occurred; and a hearing on the relief sought in the Summary Judgment Motion having been held on September 16, 2019 (the "*Hearing*"); and the Court having reviewed and considered the Summary Judgment Motion,

---

[1] Capitalized terms not otherwise defined herein shall be ascribed their meanings as set forth in Plaintiffs' Local Civil Rule 56.1 statement of uncontested material facts, dated July 1, 2019 ("*Plaintiffs' Rule 56.1 Statement*").

Plaintiffs' Rule 56.1 Statement, Plaintiffs' Memorandum of Law, the affidavits and declarations in support thereof, as well as all of the responses, objections and replies thereto and therefor; and all objections opposing the relief requested in the Summary Judgment Motion having been resolved or overruled in their entirety; and all relief requested in the Summary Judgment Motion having been resolved by the terms of this Order; and on the arguments of counsel made, and the evidence presented, at the Hearing, which record of and findings at the Hearing are hereby incorporated herein; and upon the record of the Hearing and all of the proceedings had before the Court; and after due deliberation and sufficient and good cause appearing therefor, this Court having rendering its decision on the Summary Judgment Motion as set forth in that certain Memorandum and Order, dated September 19, 2019 (the "Decision"); and as set forth in the Decision, this Court determining that "no event of default has occurred under the Indenture and related operative documents;"

**IT IS HEREBY ORDERED, ADJUDGED, FOUND AND DECREED THAT:**

1. The Summary Judgment Motion is granted as set forth herein.

2. All objections concerning the Summary Judgment Motion are resolved in accordance with the terms of the Decision and this Order, ,[2] and to the extent any such objection was not otherwise withdrawn, waived, or settled, it is hereby overruled and denied.

3. This Court hereby determines that no Event of Default has occurred or is continuing under the Indenture or related operative documents. Accordingly, this Court further determines that (a) the terms of the Indenture in effect in the absence of an Event of Default shall be given effect and govern the rights of the respective parties under the Indenture, including, without limitation, with respect to the amounts currently subject to the escrow established under the TRO; and (b) any such amounts currently held in such escrow should be allocated among the

parties entitled to receive such distributions based upon how such amounts would have been distributed on the original Payment Date when such amounts would have been distributed in the absence of any Event of Default and/or in the absence of the TRO . The Defendant and its agents are hereby directed to make any and all distributions required under this Decretal Paragraph as soon as practicable, but in any event within five (5) days of the date of this Order.

4. Additionally, due to this Court having now determined that no event of default has occurred, the TRO is hereby dissolved and terminated in its entirety.

5. The parties are hereby authorized and directed to take all actions reasonably necessary to effectuate the terms of this Order and the distributions contemplated herein.

6. The Court hereby retains jurisdiction of the subject matter of this case, and of all the parties hereto, for the purpose of giving effect to this Order, enforcing this Order and with respect to the disposition of the Disputed Amounts and any proceeds from any Pre-Cash Sweep Engine Dispositions.

7. Notwithstanding the provisions of Rule 62 of the Federal Rules of Civil Procedure, this Order shall not be stayed after the entry hereof and shall be effective and enforceable immediately upon entry.

8. This Order is final upon entry hereof and may be enforced to the fullest extent of the law.

Dated: September __, 2019         SO ORDERED.
New York, New York

                                  _____
                                  HONORABLE NAOMI REICE BUCHWALD
                                  UNITED STATES DISTRICT JUDGE

~~Michael J. Edelman, Esq.~~
~~Daniel C. Green, Esq.~~
~~Marc B. Schlesinger, Esq.~~
~~VEDDER PRICE P.C.~~
~~1633 Broadway, 31st Floor~~
~~New York, New York 10019~~
~~Telephone: (212) 407-7700~~
~~Facsimile: (212) 407-7799~~
~~E-Mail: mjedelman@vedderprice.com~~
~~dgreen@vedderprice.com~~
~~mschlesinger@vedderprice.com~~

~~*Attorneys for Attorneys for* Plaintiffs Fan Engine Securitization Limited and Jet Engine Holding S.à r.l.~~

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ~~FAN ENGINE SECURITIZATION LIMITED~~ ~~and JET ENGINE HOLDING S.à r.l.,~~<br>Plaintiffs,<br><br>-against-<br><br>DEUTSCHE BANK TRUST COMPANY AMERICAS, as Trustee, Senior Trustee, Operating Bank and Security Trustee,<br><br>Defendant. | Case No. 19-cv-4318 (NRB) |

**ORDER GRANTING MOTION OF PLAINTIFFS FAN ENGINE SECURITIZATION LIMITED AND JET ENGINE HOLDING S.À R.L. FOR SUMMARY JUDGMENT THAT NO EVENT OF DEFAULT HAS OCCURRED UNDER THE TERMS OF THE INDENTURE AND RELATED OPERATIVE DOCUMENTS**

This matter having come before the Court on the motion for summary judgment, dated July 1, 2019 (the "*Summary Judgment Motion*"), brought by plaintiffs Fan Engine Securitization Limited ("*Fan*") and Jet Engine Holding S.à r.l. ("*JEH*", collectively with Fan, the "*Plaintiffs*");[1] and due, proper, timely, adequate and sufficient notice of the Summary Judgment Motion having

---

[1] Capitalized terms not otherwise defined herein shall be ascribed their meanings as set forth in Plaintiffs' Local Civil Rule 56.1 statement of uncontested material facts, dated July 1, 2019 ("*Plaintiffs' Rule 56.1 Statement*").

been given to all interested parties; and a temporary restraining order having been previously entered on May 14, 2019 [Docket No. 3] (the "TRO") to maintain the *status quo* pending this Court's resolution of whether an event of default had occurred; and a hearing on the relief sought in the Summary Judgment Motion having been held on ——————— September 16, 2019 (the "*Hearing*"); and the Court having reviewed and considered the Summary Judgment Motion, Plaintiffs' Rule 56.1 Statement, Plaintiffs' Memorandum of Law, the affidavits and declarations in support thereof, as well as all of the responses, objections and replies thereto and therefor; and all objections opposing the relief requested in the Summary Judgment Motion having been resolved or overruled in their entirety; and all relief requested in the Summary Judgment Motion having been resolved by the terms of this Order; and on the arguments of counsel made, and the evidence presented, at the Hearing, which record of and findings at the Hearing are hereby incorporated herein; and upon the record of the Hearing and all of the proceedings had before the Court; and after due deliberation and sufficient and good cause appearing therefor; this Court having rendering its decision on the Summary Judgment Motion as set forth in that certain Memorandum and Order, dated September 19, 2019 (the "Decision"); and as set forth in the Decision, this Court determining that "no event of default has occurred under the Indenture and related operative documents;"

**IT IS HEREBY ORDERED, ADJUDGED, FOUND AND DECREED THAT:**

1. The Summary Judgment Motion is granted as set forth herein.

2. All objections concerning the Summary Judgment Motion are resolved in accordance with the terms of the Decision and this Order and as set forth on the record of the


~~Hearing,~~ ,[2] and to the extent any such objection was not otherwise withdrawn, waived, or settled, it is hereby overruled and denied.

      3.    This Court hereby determines that no Event of Default has occurred or is continuing under the Indenture ~~and, accordingly,~~ <u>or related operative documents. Accordingly, this Court further determines</u> that <u>(a)</u> the terms of the Indenture in effect in the absence of an Event of Default shall be given effect and govern the rights of the respective parties under the Indenture, including, without limitation, with respect to ~~effecting distributions of any Disputed Amounts currently held by the Defendant Deutsche Bank Trust Company Americas (the "*Defendant*"), as trustee, senior trustee, operating bank and security trustee, and/or its agents and of any distributions of proceeds of any Engine Dispositions that occur prior to October 31, 2019 ("*Pre-Cash Sweep Engine Dispositions*"), in each case, any such distributions of Disputed Amounts and of such Engine Disposition proceeds shall be effected and~~<u>the amounts currently subject to the escrow established under the TRO; and (b) any such amounts currently held in such escrow should be</u> allocated among the parties entitled to receive such distributions based upon how such amounts would have been distributed on the original Payment Date when such amounts would have been distributed in the absence of any Event of Default and/or in the absence of the ~~Injunctive Order (*in other words,* the distribution allocation shall be based upon the allocation methodology that existed for Payment Dates that occurred prior to the sixth anniversary of the closing of the Securitized Loan Facility)~~<u>TRO</u> . The Defendant and its agents are hereby directed to make any and all distributions required under this Decretal Paragraph as soon as practicable, but in any event within five (5) days of the date of this Order.

---

[2] ~~To the extent of any inconsistencies between the record of the Hearing and this Order, this Order shall control.~~

4.  ~~Without adjudicating any of the following:~~ <ins>Additionally, due to this Court having now determined that no event of default has occurred, the TRO is hereby dissolved and terminated in its entirety.</ins>

   (a) ~~whether the calculations made by the Defendant, the Administrative Agent and/or its agents under the Indenture and related operative documents were accurate,~~

   (b) ~~whether the Defendant properly relied upon the instructions from the Noteholder Parties,~~

   (c) ~~damages (if any) that arose if such event of default notice was improperly issued,~~

   (d) ~~any defenses against the alleged Event of Default or Default Notice that Plaintiffs may assert that were not included in~~ the Summary Judgment Motion and

   (e) ~~whether the Defendant itself breached the contract or whether it is protected by any contractual, statutory or common law defenses;~~

~~this Court also determines each of the following:~~

   (A) ~~that allegations that the Administrative Agent miscalculated amounts in the monthly Payment Date Schedules (the "*Miscalculation Allegation*"), even if true, cannot constitute an Event of Default within the meaning of Section 4.01 of the Indenture; and~~

   (B) ~~a breach of contract occurred through the declaration that an Event of Default had occurred.~~

5. The parties are hereby authorized and directed to take all actions reasonably necessary to effectuate the terms of this Order and the distributions contemplated herein.

6. The Court hereby retains jurisdiction of the subject matter of this case, and of all the parties hereto, for the purpose of giving effect to this Order, enforcing this Order and with respect to the disposition of the Disputed Amounts and any proceeds from any Pre-Cash Sweep Engine Dispositions.

7. Notwithstanding the provisions of Rule 62 of the Federal Rules of Civil Procedure, this Order shall not be stayed after the entry hereof and shall be effective and enforceable immediately upon entry.

8. This Order is final upon entry hereof and may be enforced to the fullest extent of the law.

Dated: ———September——, 2019     SO ORDERED.
New York, New York

                                                                                                                  _____
HONORABLE NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE